UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TIMOTHY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-152-BP |
| | § | |
| OFFICER RAMOS *et al.*, | § | |
| | § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Timothy Johnson, proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 3). He alleges violation of his civil rights while incarcerated at FCI units in Big Spring and Talladega. The Senior United States District Judge referred this case for pretrial screening consistent with 28 U.S.C. § 1915. (Doc. 13). In an *in forma pauperis* prisoner civil rights action against a governmental entity, officer, or employee, the Court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint which is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A court may employ the use of a questionnaire to assist in developing the issues that form the basis of a plaintiff's complaint. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). Johnson has responded to such a questionnaire. (Doc. 17). These questionnaire responses supplement his original complaint. (Doc. 3).

Johnson names twenty employees of federal correctional facilities in Big Spring and Talladega as defendants in this case, claiming assorted violations about a disciplinary violation. (Doc. 3). To the best reading of the undersigned, Johnson's specific factual complaints are as follows: some of the defendants made or permitted false statements about Johnson stalking an

official, officials investigated his behavior before a written report was issued, he was not provided a copy of that written report within 24 hours, and his only copy of that incident report was taken from him and not returned on request. (Doc. 3). Johnson responded to a questionnaire from this court asking for specific rights or procedures he believes were violated by referring generally to the First, Fifth, and Eighth Amendments to the Constitution, as well as the due process clause. (Doc. 17, 1).

First, a technical issue: § 1983 enables liability against individuals acting "under color of any statute, ordinance, [or] regulation … of any State or Territory or the District of Columbia" from subjecting any person under the relevant jurisdiction for "the deprivation of any rights, privileges, or immunities secured by the Constitution …." 42 U.S.C. § 1983. Johnson names these employees, but does not assert they were acting under color of a state, territory, or the District of Columbia. As opposed to § 1983 actions against individuals employed at or operating in state-run institutions, these defendants are not employees of or operating on behalf of a state. Absent a pleading that these defendants were acting under color of state law, a § 1983 action is not the proper vehicle for these complaints, then, and this case should be dismissed as frivolous on these grounds.

However, even if this complaint were construed as coming in the proper vehicle but only written on a form designed for § 1983 actions, when evaluated on the merits, all of Johnson's claims—considering both the initial complaint and questionnaire responses—should be dismissed for failure to state a claim upon which relief can be granted. Although the Court asked Johnson to respond to the questionnaire with the specific rights he claims were violated by these defendants, he instead only said the defendants had violated his First, Fifth, and Eighth Amendment rights and

2

indicated some defendants had participated in "criminal/civil violations" by failing to provide him with documents or making false statements. (Doc. 17, 3-6).

Without more detailed allegations, there is no viable claim for violation of a First Amendment right. That amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Without more direction from Johnson, the only provision of the First Amendment even potentially implicated by his complaint and questionnaire responses is the petition clause. Although Johnson complains about timing and accuracy issues in the investigation process, he provides no facts or claims that he was denied an opportunity to air his grievances about that investigation by any of the defendants. Johnson has filed this lawsuit, and in his complaint mentions several grievance and appeals processes before this lawsuit was filed. Even if these individual defendants were liable under the petition clause of the First Amendment, Johnson has not stated any facts supporting a claim they denied him an opportunity to petition the government.

Johnson likewise has not sufficiently pleaded a claim for a violation of a Fifth Amendment right. The relevant portion of the Fifth Amendment reads that no person shall "be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V. For there to be a violation of the Fifth Amendment due process clause in this case, there must be a negative impact on Johnson's liberty by a Constitutionally-deficient process. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Because Johnson's questionnaire responses do not highlight specific rights he believes were violated, the Court reads his original complaint as asserting a liberty interest in his

3

security classification and assigned housing, as well as an allegation that a failure to provide him with the report within 24 hours of the incident is a violation of the process he is due under the Constitution. (Doc. 3, 5).

The issue of a liberty interest violation in a prison context is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin* at 484. Johnson does not detail any hardship more uncommon than a change in security classification, and such a change has routinely been held as a typical hardship in prison life. *See, e.g.*, *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000). Johnson's claims about the alleged violation in the delivery of the incident report are likewise unfruitful. Although Johnson asserts that prison officials are required to provide the report within 24 hours of the alleged incident, the appropriate regulation states that a "staff member will issue you an incident report ... [and] [y]ou will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement." 28 C.F.R. § 541.5(a). Johnson provides no proof or argument that officials did not provide the report within 24 hours after learning of his involvement. Furthermore, violation of a prison regulation does not necessarily constitute a violation of due process. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). So, Johnson supplies no sufficient claim under the due process clause of the Fifth Amendment.

Finally, Johnson argues that these officials violated the constitutional prohibition on cruel and unusual punishment. U.S. Const. amend. VIII. However, Johnson specifies this alleged cruel and unusual punishment as modification of his housing circumstances and security classification. (Doc. 3, 9-10). Johnson's claims do not rise to the level of "unnecessary and wanton" infliction of pain necessary for an Eighth Amendment cruel and unusual punishment claim. *See Althouse v.*

*Cockrell*, No.3:01-CV-2291-D, 2002 WL 32170945, at * 3-4 (N.D. Tex. Dec. 17, 2002); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (holding inmate does not have a constitutional right to receive a certain custodial classification); and *Parker v. Currie*, 359 Fed.Appx. 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation") (quoting *Neals*, 59 F.3d at 533)). Johnson's loss of privileges and change in custodial classification does not amount to cruel and unusual punishment under the Eight Amendment. As such, all his claims of an Eighth Amendment violation fail to state a claim upon which relief may be granted.

Johnson has not set forth any legally sound argument on any claim in his complaint, and so it is **RECOMMENDED** that Johnson's complaint be **DISMISSED** against all defendants **as frivolous**.

Johnson also has two pending motions in this case. The first (Doc. 15) is a request for a service package, which is **DENIED as moot** pending the final resolution of this recommendation. The second (Doc. 18) is a request for appointment of counsel. "A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Without a more specific showing of exceptional circumstances, Johnson's request for appointment of an attorney (Doc. 18) is also **DENIED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the Senior United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated August __1__, 2019.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE